USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/3/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABEL LAZO,

                          Plaintiff,

-against-

EMPIRE MANAGEMENT AMERICA CORP d/b/a EMPIRE MANAGEMENT, FRED OHEBSHALOM, ALEXANDER OHEBSHALOM, RAMIN OHEBSHALOM, and RYAN ELEZARI,

                          Defendants.

**ORDER**

17 Civ. 7645 (ER)

---

Ramos, D.J.:

    Abel Lazo brought the above-captioned action against Defendants Empire Management America Corp, Fred Ohebshalom, Alexander Ohebshalom, Ramin Ohebshalom, and Ryan Elezari for recovery related to unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and unpaid spread-of-hours compensation under the NYLL, among other wage and hour claims. *See* Doc. 1 ¶ 1. On February 6, 2018, the parties submitted an application for the Court to approve the parties' settlement agreement (the "Agreement"). Doc. 9, Ex. A.

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). For the reasons discussed below, the Court approves the Agreement.

    "In order to evaluate the fairness of a proposed settlement, the parties must provide the

court with enough information to evaluate 'the bona fides of the dispute.'" *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiff's range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiff's claims and the settlement amount, if any. *See, e.g.*, *Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable").

The Agreement provides for a total settlement of $55,000, inclusive of legal fees and costs. Doc. 16, Ex. A (the "Agreement") ¶ 3. Of the total settlement, Plaintiff will receive $36,667, and one-third, or $18,333, is payable to Plaintiff's attorneys, Paradalis & Nohavicka, LLP, for attorneys' fees and costs. *Id.* The Court is satisfied that the parties have adequately justified the dollar amounts constituting the settlement. The settlement value exceeds Plaintiff's best-case trial outcome for unpaid wages owed and is more than 50% of Plaintiff's total best case recovery, inclusive of liquidated damages and prejudgment interest. Doc. 9 at 3; *id.* Ex. B. The Court finds this settlement amount to be a very substantial portion of the maximum recovery possible. *See Beckert*, 2015 WL 8773460, at *2 (finding settlement equal to 25% of maximum

possible recovery sufficient). Moreover, the Court finds this settlement amount to be fair and reasonable, in view of the significant legal and factual disputes between the parties. For example, the parties dispute whether Plaintiff ever worked the full number of hours alleged, and whether Defendants were liable for spread-of-hours pay. Doc. 9 at 2–3. In this latter connection, Defendants maintain that they classified Plaintiff as an independent contractor in good faith and paid him significantly above the applicable hourly minimum wage. *Id.* at 3. They further note that Plaintiff was on notice that he was so classified because he was identified as an independent contractor in the 1099-MISC form that he received and filed in connection with his tax returns. *Id.* Finally, the Court notes that the parties claim to have engaged in good-faith, arms-length negotiations. *Id.* at 4.

The Court also concludes that the attorneys' fees of one-third of the settlement is reasonable, and supported by counsels' billing records, which detail the type of work performed and the hours logged by each attorney. Doc. 9, Ex. D; *see Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases"); *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."). The reasonableness of counsel's fee is also supported by cross-reference the lodestar method. The lodestar is the "product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667, 2015 WL 5122530, at *2

(S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Here, two experienced attorneys worked over 30 hours on this matter, at a combined per hour billing rate of $350. Doc. 9 at 6; *id.* Ex. D. That rate is within the range of reasonable hourly rates for similarly experienced attorneys. *See Jean v. Auto & Tire Spot Corp.*, No. 09–CV–5394, 2013 WL 2322834, at *6 (E.D.N.Y. May 28, 2013) (rates for "experienced attorneys handling FLSA cases . . . usually range from $300 to $400 per hour"). Moreover, the lodestar calculation based on counsels' reasonable hourly rates and a 1.6 multiplier is well within the permissible range. Doc. 9 at 8; *see In re Lloyd's Am. Trust Fund Litig.*, 96 Civ. 1262, 2002 U.S Dist. LEXIS 22663, at *78- 79 (S.D.N.Y. Nov. 26, 2002) (noting that a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit").

Finally, the Court finds that the Agreement itself passes *Cheeks*' scrutiny, as its release provision is narrowly tailored to wage-and-hour claims and the Agreement does not contain any restrictive confidentiality or future employment clauses. *See* Agreement ¶¶ 6–7.

Accordingly, the parties' request for approval of the proposed settlement is GRANTED. SO ORDERED.

Dated:   April 3, 2018
         New York, New York

                                                            _____
                                                            Edgardo Ramos, U.S.D.J.